

ORDERED in the Southern District of Florida on September 12, 2012.

Robert A. Mark, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI  DIVISION
www.flsb.uscourts.gov

In re:   Catanya Tranese Jackson                     Case No:   12-24611 RAM
                                                                             Chapter 13

_____Debtor_____/

**ORDER GRANTING MOTION TO VALUE  AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY HELD BY DEBTOR**

THIS CASE came to be heard on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 20; the "Motion").  Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's real property (the "Real Property") located at 471 Ives Dairy Road, C-202, Miami, Florida 33179, and more particularly described as:

> SUMMERTREE VILG CALIF CL CONDO UNIT 202-3
> UNDIV 1/189 INT IN COMMON ELEMENTS OFF REC
> 10982-678 OR 20299-2451 0102 1

is $78,750 at the time of the filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of Summertree at the California Club Condominium Association  (the "Lienholder") is  $95,032.82.

C.  The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of lien holder is $ -0-  and Lien holder has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.  The Motion is **GRANTED**.

2.  Lien holder has an allowed secured claim in the amount of $ -0- .

3.  Because lien holder's secured interest in the Real Property is $0, lien holder's lien recorded on May 24, 2012, in OR Book 28124 Page 317   in the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lien holder's lien will no longer be considered void and shall be restored as a lien on the Real Property.

4.  (Select only one):

   XX   Lien holder has not filed a proof of claim in this case.  The trustee shall not disburse any payments to lien holder unless a proof of claim is timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.


or

    ___     Lender filed a proof of claim in this case.  It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

### 

Submitted By:
LEGAL SERVICES OF GREATER MIAMI, INC.

By       /s/      
Carolina A. Lombardi
Florida Bar No.  241970
Attorney for Debtor
3000 Biscayne Boulevard
Suite 500
Miami, FL 33137
Telephone: (305) 438-2427
Facsimile: (305) 438-2427
Primary Email: CLombardi@lsmi.org
Secondary Email: OZaribaf@lsgmi.org

Attorney Carolina A. Lombardi is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.