

**ORDERED in the Southern District of Florida on January 25, 2013.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                          CASE NO: 12-24611-BKC-RAM
CATANYA TRANESE JACKSON



                    DEBTOR(S)
_____/

    ORDER GRANTING DEBTOR'S MOTION TO MODIFY PLAN
    AND APPROVING FIRST   MODIFIED CHAPTER 13 PLAN

    THIS CASE came on to be heard on January 15, 2013   , on the
Debtor's Motion to Modify Chapter 13 Plan after Confirmation, and
based on the record, it is

    ORDERED as follows:
    1.  The Motion to Modify Plan is granted.  That the
Debtor(s) FIRST   Modified Plan meets all the provisions of the 11
U.S.C. Section 1325 and is, therefore, confirmed in accordance
with its terms.
    2.  Any claim entitled to priority under 11 U.S.C. Section
507 shall be paid in full, in periodic installments, in the
order of priority prescribed by the Bankruptcy Code over the
period of the Plan as required by 11 U.S.C. Section 1322 (a)(2),
with postpetition interest as required by 11 U.S.C. Section
506(b) payable on the secured portion of the claim.
    3.  The debtor(s) first monthly payment to the
Trustee under the plan is to commence on July 14, 2012      .
    4.  Pursuant to 11 U.S.C. Section 554(a) and
Local Rule 6007-1 (B)(2), the Trustee abandons any real or
personal property of the Debtor(s) which is not included in
the plan in which a creditor holds a security interest.
The abandonment shall be deemed approved without necessity of

a hearing or order if no objection to the abandonment is filed and served upon the Debtor(s) and the Chapter 13 Trustee within 10 days after the entry of this order.  The party filing the objection shall comply with the provisions of Local Rule 9073-1 (C) in  scheduling a hearing on the objection.

    5.  If the Plan does not provide for payments to a secured creditor, such creditor is granted in rem stay relief to pursue available state court remedies against any property of the debtor(s) which secures the creditor's claim.

    6.  Any executory contract or unexpired lease of the debtor(s) which has not been assumed pursuant to court order prior to entry of this order, or which is not assumed in the Chapter 13 Plan confirmed by this Order, is deemed rejected upon entry of this Order.

    7.  If the debtor(s) fails to timely make any plan payment to the Trustee, the Trustee may serve a Notice of Delinquency upon the debtor(s) and the debtor(s)' attorney. The debtor(s) shall have 45 days from the date of the Notice of Delinquency to make all payments due under the Plan, including any payments that become due within the 45-day period.  Debtor(s) seeking to cure the delinquency in a modified plan must file a motion to modify the confirmed plan within 15 days of the date of the Notice of Delinquency. If the debtor(s) are not current in their plan payments on the 45th day after the date of the Notice of Delinquency, the Trustee shall file and serve a report on non-compliance and the case will be dismissed without further notice or hearing. Dismissal shall be with prejudice to the debtor(s) filing any new bankruptcy case for a period of 180 days from the entry of the order of dismissal.  The court will not extend these deadlines absent extraordinary circumstances.

    8.  To the extent the Plan sought a determination of valuation pursuant to Fed.R.Bankr.P. 3012, and no objections were filed or any objections were resolved, the terms of the Plan will be binding upon the affected secured creditors, and any allowed proof of claim will be secured only to the extent of the value as provided for in the Plan and unsecured as to the balance of the claim.

###

PREPARED BY:

NANCY N. HERKERT, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806
MIRAMAR, FL  33027-9806

CAROLINA A. LOMBARDI, ESQUIRE is directed to mail a conformed copy of this Order to all creditor and interested parties, including those listed above, immediately upon receipt thereof.